**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **RANDY STERN, both individually and as Administrator of the Estate of Annette Monachelli,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. 2:14-CV-0176** |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**ECLINICALWORKS, LLC'S AMENDED RESPONSE TO DEFENDANT UNITED STATES' MOTION FOR CONTEMPT AGAINST NONPARTY ECLINICALWORKS, LLC AND MEMORANDUM IN OPPOSITION**

Non-party eClinicalWorks, LLC ("***eClinicalWorks***" or "***eCW***") hereby files this Amended Response in opposition to *Defendant United States' Motion for a Finding of Contempt and Ordering Production of Documents Against eClinicalWorks, LLC* (the "***Motion***"). The Motion should be denied for the reasons stated below.

## I. INTRODUCTION

The Motion is procedurally improper, factually misleading, and legally meritless. eCW is located more than 100 miles from this Court. Therefore, the Court has no jurisdiction to enforce the Government's subpoena and it is null and void. Even if the subpoena were valid, the Motion's call for "contempt" sanctions is without merit as eCW answered and objected to the Subpoena. Even if construed as a motion to compel, the Motion was filed in the wrong court and does not establish that eCW has withheld *relevant* documents for which the Government has a substantial need, and eCW's objections to the subpoena remain valid.

The Court should deny the Motion on procedural grounds alone. This is a civil case in which eClinicalWorks is not a party. To demonstrate grounds for contempt, the Government must prove that eCW failed to respond to the Subpoena without "adequate excuse." Further, to

obtain access to a nonparty's documents, the Government must further show that the documents it seeks are directly related to a claim or defense at issue in this case. It has not done so.

There is no question that eCW has complied with the Government's subpoena. Despite the fact that the Government has sought compliance from the wrong court, eCW responded to the Subpoena by producing over 13,500 pages of documents, a privilege log, and detailed objections. The objections take legitimate issue with the Government's attempt to force eCW to produce thousands of pages of additional documents that are not material to the defense of this lawsuit. eCW's efforts in responding to the Subpoena are enough to deny the Motion, ignoring the fact that the subpoena is beyond the Court's jurisdiction to enforce.

Yet the Government's Motion treats eCW as if it were the target of an investigation, demanding every document the Government deems theoretically "related to" any past problem—even if merely alleged rather than shown—with eCW's software products and services. The instant case, however, is a simple medical malpractice action involving a single incident and a single physician group where eCW is not a defendant. The Government cannot use the subpoena power in this instance to force eCW to disgorge thousands of irrelevant documents; the Government, as any other party, must abide by the Federal Rules of Civil Procedure.

Finally, rather than address its burden under the Federal Rules, the Government instead launches *ad hominem* attacks on eCW and its counsel, asking the Court to assume that eCW is a serial liar and therefore must be lying now. These attacks are nothing more than misdirection and are at best unhelpful. eCW stands by its objections and its efforts to comply with the Government's civil subpoena. Casting aspersions on eCW and its counsel is no substitute for complying with the Federal Rules of Civil Procedure.

## II. FACTS

eClinicalWorks is a Massachusetts company that develops, licenses, sells and administers electronic medical records ("***EMR***") software. This software is used by over 90,000 medical

providers in the United States to store patients' medical information, record diagnoses and treatments, and order medical tests and prescriptions. None of these 90,000 providers have—to eClinicalWorks's knowledge—experienced any issues similar to the one alleged by the Government's physician provider client in this case.

**A. The Lawsuit At Issue**

The United States is a defendant in this civil medical malpractice action[1], representing Dr. Melissa Volanksy of Stowe Family Practice ("***SFP***"), located in Stowe, Vermont. To be clear, contrary to the Motion's suggestion that it is "investigating" eCW, see Motion at 2-3, the Government is not acting in a prosecutorial or investigatory capacity. Instead, it is a civil defendant, like any other.

Ms. Monachelli came to SFP in November 2012 complaining of severe headaches unresponsive to pain medication. As part of her examination, Dr. Volansky ordered diagnostic imaging of Ms. Monachelli's brain via magnetic resonance imaging. However, Dr. Volansky neglected to inform Ms. Monachelli that the imaging was required, and SFP did not confirm that the imaging had actually occurred, meaning that it did not take place. Approximately two months later, Ms. Monachelli died of a brain aneurysm. The plaintiff in this case, Mr. Stern, contends that if the imaging had been performed, the aneurysm could have been detected in time to save Ms. Monachelli's life.

Seeking a defense for SFP's failures, the Government apparently wants to argue that eClinicalWorks's EMR software experienced an error that prevented creation of a record for the order for diagnostic imaging. Even if true, this argument does not negate the fact that Dr. Volansky and SFP neglected their professional duty to ensure that care was administered. At most it establishes that SFP chose to rely solely upon the digital record of the order to ensure that

[1] The United States is a defendant pursuant to the Federal Tort Claims Act. In that capacity, it is in effect indemnifying SFP, rather than defending its own actions.

Ms. Monachelli received an important medical test, even choosing not to actually inform Ms. Monachelli. Thus, by not carrying out adequate oversight of Ms. Monachelli's medical care, SFP may have negligently contributed to Ms. Monachelli's unfortunate passing. Further, the available facts suggest that this was simply a case of user error, as indicated by eCW's technical support records, all of which were created by ordinary support personnel long before eClinicalWorks had any reason to believe it would become involved in a lawsuit.[2]

**B. The Government's Null And Void Subpoenas**

In November 2014, the Government served its *first* subpoena on eCW. The subpoena was procedurally improper because the Government sought compliance in this District and not in the U.S. District Court for the District of Massachusetts, where eCW is located. *See* FED. R. CIV. P. 45(c)(2)(A). Nonetheless, eCW complied in good faith and produced 49 pages of documents. Mr. Foster, the AUSA representing SFP, was unsatisfied with that production, stating to eClinicalWorks's counsel that "I just thought there would be *more*."

On December 30, 2014, the Government served another subpoena. This *second* subpoena, again incorrectly sought compliance in this District, greatly broadened the scope of the requested documents, which eCW considered unreasonable, overbroad, and unduly burdensome, particularly given that eCW is a nonparty.[3] Nevertheless, in an attempt to comply in good faith, eClinicalWorks took on the physical and financial burden of producing almost *13,500 pages* of documents in response.

eClinicalWorks timely served objections and responses on Mr. Foster to both subpoenas.[4] Only the second subpoena is the subject of the Motion. eCW objected to that subpoena's document requests based on overbreadth, relevance, unreasonableness, and legal privileges. As

---

[2] A true and correct copy of these technical support records are attached as **Exhibit A**.

[3] A true and correct copy of the subpoena and requests is attached as **Exhibit B**.

[4] A true and correct copy of these objections and responses is attached as **Exhibit C**.

to claims of privilege, eClinicalWorks provided the Government with a concise, meaningful privilege log. Where an objection or claim of privilege did not apply, eClinicalWorks searched for and produced the responsive, relevant documents.

In short, eCW responded in good faith to the Government's subpoenas, overlooking that they were procedurally improper, and served timely objections to those subpoenas while also producing nearly 13,500 pages of documents. The Government's response is to accuse eCW of discovery abuse, in this and other cases, but to ignore eCW's objections. With due respect to the Government, a simple discovery dispute is not an excuse for a witch hunt in the wrong Court. The Court should deny the Motion.

## III. ARGUMENT & AUTHORITIES

### A. The Subpoena And Motion Are Void As They Were Procedurally Improper.

Rule 45 states that "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). Thus, to be enforceable, a subpoena cannot command production over 100 miles of where the person resides or regularly transacts business. S*ee Certified Measurement, LLC v. Centerpoint Energy Houston Electric, LLC*, 2015 WL 1046267, at *4 (E.D. Tex. Mar. 10, 2015) (ruling that a "[c]ourt may enforce any subpoena…provided that the [discovery] is taken no more than 100 miles from a location" identified under Rule 45(c)(2)(A)); *Dodd v. Cabela's, Inc.*, 2014 WL 6686736, at *3 (D. Mont. Nov. 26, 2014) (same).

The geographical limitations on a district court's subpoena power cannot be waived, because it is essentially a question of subject matter jurisdiction. Thus, even if the receiving party does not move to quash the subpoena, "the court must deem [the subpoena] invalid" if the issuing party seeks to enforce it. *Id.*; *see Tracfone Wireless, Inc. v. Riedeman*, 2007 WL 191651, at *2 (M.D. Fla. Jan. 23, 2007); *accord Havens v. Maritime Commc'ns./Land Mobile, LLC*, 2014

WL 2094035, at *3 (D.N.J. May 20, 2014) ("At bottom, the subpoenas issued … would, if enforced, violate the geographical limits set out in Rule 45(c)[]."). *Cf. U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 139 (E.D.N.Y. 2010) (discussing invalidity of subpoenas requiring production of documents at location outside district of issuing court);

Here, the Government's subpoena is procedurally deficient and thus null and void. The Government has also sought to enforce the subpoena in this Court, and not in the District of Massachusetts as required by Rule 45(d)(2)(B)(i). eClinicalWorks is a Massachusetts company, and its custodian of records works at its headquarters in Westborough, Massachusetts—just outside Boston. Neither eClinicalWorks nor its custodian of records regularly transacts business in Vermont. eClinicalWorks has no office in this state and it does not regularly send employees here; even technical support services are provided online or over the phone. *See Regents of Univ. of Cal. v. Kohne*, 166 F.R.D. 463 (S.D. Cal. 1996) ("The Court … holds that 'regularly transacts business in person' means just what it says."). The Court may take judicial notice of the fact that Burlington, Vermont is located over 100 miles from Boston. *See id.* at 465. Therefore, to comply with Rule 45, the United States District Court for the District of Massachusetts is the only proper court to consider the Motion and enforce the Government's subpoena(s).[5]

In short, the Court cannot hold eClinicalWorks in contempt of a subpoena purporting to compel acts beyond the Court's jurisdiction.[6] The Motion should therefore be denied.

---

[5] It should have been evident that the subpoena could not compel eClinicalWorks to produce documents in Vermont even as it was issued. In any case, eClinicalWorks explicitly objected to an improperly distant place for production under Rule 45(c)(2)(A) in its objections and responses to the second subpoena. *See* Exh. C.

[6] Attorneys are required to refrain from issuing subpoenas that the attorney knows or should know are facially invalid. Indeed, just this year, the Court of Appeals of Maryland disbarred an attorney in part for repeatedly issuing subpoenas in cases pending in Maryland to nonparties located in other states purporting to command production of documents where the courts had no jurisdiction to do so. *Attorney Grievance Commission of Maryland v. Mark T. Mixter*, Misc. Docket AG No. 7, 2015 WL 416966, at *44 (Md. Feb. 2, 2015).

**B. The Motion For Contempt Is Also Procedurally Improper.**

Not only is the subpoena null and void, but the Government's "motion for contempt" of the subpoena is itself procedurally improper because, among other things, it was filed in the wrong court. FED. R. CIV. P. 45(d)(2)(B)(i).

Even had the Motion been filed in the correct District of Massachusetts, Rule 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails *without adequate excuse* to obey the subpoena[.]" (emphasis added). "It does not follow, however, that a contempt motion for disobedience of a nonparty should be treated in exactly the same way as a contempt motion for violation of another kind of court order." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). "[B]ecause the command of the subpoena is not in fact one uttered by a judicial officer, contempt should be *very sparingly* applied when the nonparty witness has been overborne by a party or attorney." FED. R. CIV. P. 45(e) cmt. (1991) (emphasis added); *see Hyatt*, 621 F.3d at 693.

"Contempt" is not an available remedy here. A finding of contempt of a subpoena may only issue when a nonparty actually does not respond. "[T]he prevailing view is that a timely objection to a subpoena *duces tecum* is itself an 'adequate excuse,' precluding a finding of contempt for failure to obey the subpoena." *Bairteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001). Even where a nonparty produces incomplete responses, it is deemed to have obeyed the subpoena and "no basis exists for imposing sanctions." *See Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 672 (N.D. Fla. 2010). Instead, where the nonparty serves objections to the subpoena, and the issuing party disagrees, the issuing party's remedy is a motion to compel pursuant to Rule 37(a). *See Bariteau*, 206 F.R.D. at 132 ("Given that the order … compels [compliance] with the subpoena at issue, we will, at this time, deny [the] motion for an order … in contempt.").

Further, eCW complied with the subpoena by serving objections and producing almost 13,500 pages of responsive documents. eCW's alleged refusal to obey the subpoena was

therefore not "without adequate excuse," and the Court should therefore deny the Motion. *E.g.*, *S.E. Mechanical Servs., Inc. v. Brody*, 2009 WL 3095642, at *12 (N.D. Ga. June 22, 2009) ("In this case, the [nonparties] obeyed the subpoenas in that they responded to the subpoenas and served objections as allowed by Rule 45(c)(2)(B), and they have not to this point failed to comply with a court order directing them to respond to the subpoena."); *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001); *Flatow v. The Islamic Republic of Iran*, 196 F.R.D. 203, 208 (D.D.C. 2000), *affirmed in part and vacated in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002); *Pennwalt Corp. v. Durand–Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983).[7]

**C. The Government Must Show the Documents It Seeks Are Highly Relevant to Its Defense of this Case and It Has a Substantial Need for Them.**

The Motion can, and should be, denied for the reasons asserted above, as the Court has no jurisdiction to enforce the subpoena and the wrong remedy was sought. Regardless, and in the alternative, the Motion is meritless, as the Government cannot meet the standard for compelling production of additional documents from eCW, a nonparty.

First, the Government is required to demonstrate more than ordinary relevance to obtain documents from eCW: "[T]he standards for non-party discovery require a stronger showing of relevance than for party discovery." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 240 (E.D. Pa. 2014) (quotation omitted); *see also In re Automotive Refinishing Paint*, 229 F.R.D. 482, 496 (E.D. Pa. 2005); *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) (citing cases). Relevance in the context of nonparty discovery requires more than a theoretical argument; the requested discovery must be "*directly related* to proving or

[7] Further, eClinicalWorks has not "failed to comply with a court order directing [it] to respond to the subpoena." *Brody*, 2009 WL 3095642 at * 12. In this case, the subpoenas served by the Government were both signed by Mr. Foster and the Court has not issued any order compelling eClinicalWorks to produce additional documents. If the Government wishes to contest eCW's objections as to the relevance, scope, and burden of the subpoena, it should file a motion to compel pursuant to Rule 37. *See* FED. R. CIV. P. 37(a)(1)–(2).

disproving an element of [the plaintiff's] theory." *See Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 522 (W.D. Tenn. 1999) (emphasis added).

Second, even assuming direct relevancy, consumer complaints about eCW's software are confidential commercial information. As such, under FED. R. CIV. P. 45(d)(3)(B)(i), the Government must show a "substantial need" for the documents and that it cannot get them more readily from another source. *See, e.g., Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (ruling that district court properly required defendant to "seek discovery from its party opponent before burdening the nonparty."). Even if not confidential, producing such information is an undue burden, and the Government must show why the information is critical and material to its case. *See Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Generally, this requires consideration of "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (quoting *United States v. IBM*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

Finally, use of nonparty discovery to investigate a possible claim against a nonparty constitutes an improper fishing expedition. Courts routinely deny discovery directed at nonparties when it appears that a party to the litigation is "actually investigating the nonparties for possible [] litigation rather than merely preparing for trial in this lawsuit." *See Echostar Commc'ns. Corp. v. News Corp.*, 180 F.R.D. 391, 395–96 (D. Colo. 1998); *Phillips v. Automated Telephone Mgmt. Sys.*, 160 F.R.D. 561, 562 (N.D. Tex. 1994) (denying use of nonparty discovery seeking to determine possibility of claim against nonparty as "no more than a 'fishing expedition' in an attempt to discover unknown wrongs").

The Motion does not address why the Government has a specific, substantial need for the documents it seeks; why producing them now would not impose an undue burden on eCW as a nonparty; or how the requested documents are directly relevant to its proving or disproving an

element of any claim in this medical malpractice action. *See* Motion at 4–9. Instead, it argues that eCW "must have" documents related to customer complaints about its software. But even assuming eCW has such documents, the Government must first show that they are *directly* relevant to this litigation and why the Government needs them. The Motion is silent on this threshold issue. It should therefore be denied.

**D. eCW's Objections to the Scope of the Subpoena's Requests Are Valid, and eCW Has No Relevant "Responsive" Documents.**

Finally, even if the Motion were procedurally valid and even if the Government had advanced a prima facie showing of its evidentiary burden, eCW's objections to the subpoena's specific document requests are valid.

At the outset, the Government misreads eCW's statement that it has no "responsive" documents. Under the Government's definition, "responsive" would include any document concerning any software problem ever encountered by eCW. That definition is too broad. Instead, eCW uses "responsive" to indicate that it does not have documents "relevant" to the requests, once that request is properly narrowed to the claims and defenses at issue in this litigation. Even held to the standards applied to parties to litigation, that is all the Government could possibly ask eCW to produce.

***1. eCW Has No Additional Relevant Documents Responsive to Request No. 3.***

***a. Request No. 3 Is Overbroad and Unreasonable.***

Request No. 3 seeks documents "concerning or relating to customer complaints of a nature similar or related to the failures here, which include missing orders, missing alerts, screens not populating properly and [similar failures]." *See* Exh. B.

As eCW timely objected, see Exh. C, the request is overbroad and places an undue and unreasonable burden on eCW. Taken to its logical conclusion, it seeks all documents regarding any customer complaint even vaguely alleging a "failure" in eClinicalWorks's software, whether

technical or, much more likely, the result of user error. The request is *not* limited to alleged failures regarding orders for diagnostic imaging, but rather any complaint of a "similar nature." These documents are clearly irrelevant, especially when requested from a nonparty. Further, the Government appears to be on a fishing expedition in the hopes that it can suggest that eClinicalWorks's software is generally "prone to failure." As a matter of law, this is an abuse of nonparty discovery. *See Phillips*, 160 F.R.D. at 562.

Further, eClinicalWorks did not object to production of documents regarding actual or potential software failures similar or related to the failure the United States alleges:

> eClinicalWorks responds that it would not object to production of documents regarding any actual or potential failure experienced by users of eClinicalWorks software similar or related to the actual or potential failure that the United States identifies with respect to Annette Monachelli's injuries in the underlying case, but that eClinicalWorks has no such responsive documents.

*See* Exh. C. Specifically, eClinicalWorks has no documents reflecting actual or alleged failures regarding orders *for diagnostic imaging*—the only failure alleged by the United States here.

***b. The Other Cases Identified Are Not Relevant To This Litigation.***

The Motion argues that eClinicalWorks must have additional documents responsive to Request No. 3 based on a lawsuit styled *Delaney v. eClinicalWorks*, No. 11-CV-04755 (E.D.N.Y. Sept. 9, 2011). *Delaney* was apparently a *qui tam* whistleblower suit filed under seal by a third party on behalf of the United States.[8]

Before this instant lawsuit, eCW had never heard of the *Delaney* case. The online docket for the matter shows that it was filed under seal; that eCW was never served with it; and that the lawsuit was dismissed. A lawsuit filed under seal by a third party alleging only unspecified "significant defects and flaws" hardly demonstrates that eClinicalWorks has other responsive

[8] A *qui tam* suit allows the third party to file a suit in the Government's name under seal and to share in any money collected by the Government. Thus, the *quit tam* plaintiff has an incentive to file a complaint alleging a litany of trumped up factual allegations and, as in *Delaney*, so does the law firm that drafts the complaint.

documents in *this* case. If *Delaney* did contain relevant allegations, why has the Government not subpoenaed the whistleblower?

Similarly, the *Jensen* case is not related to this lawsuit. While the Motion identifies a reference in that case to "documents showing support and performance-related issues," the actual lawsuit has nothing to do with diagnostic imaging requests supposedly entered by end users of the software, which are the only "performance issues" raised in this lawsuit. In any case, in *Jensen*, eClinicalWorks was a party; here, it is a nonparty, and the Government bears the burden of showing that the documents are directly relevant and material. The Motion makes no such showing.

Finally, the customer complaints that the Motion describes from third party web-based forums are irrelevant and searching for them creates an undue burden on eCW.[9] A third-party website, such as that of the Better Business Bureau, is not under eClinicalWorks's control. These forums do not even establish that the person making the complaint actually used eCW's software, let alone had a true software problem. Forcing eCW to consult third-party websites for alleged complaints about its software and then search for documents relevant to those complaints is overly burdensome, particularly when, as here, the Government is in as good a position as eCW to perform a web search and investigate those third-party complaints.

***2. eCW Has No Additional Relevant Documents Responsive to Request No. 4.***

Request No. 4 seeks all documents "concerning or relating to any arbitration, litigation, civil, criminal, or regulatory investigation … relating to *alleged* failings in eClinicalWorks software, and/or improper alteration, deletion, destruction, or modification of records."

[9] A person is required to produce documents in the "responding party's possession, custody, or control." FED. R. CIV. P. 34(a). "[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.d. 633, 636 (D. Minn. 2000).

(emphasis added). The Motion's arguments concerning Request No. 4 fail for the same reasons discussed above.

In particular, documents "related to" any litigation or arbitration regarding any *alleged* failing in eCW's software are plainly overbroad and place an unreasonable and undue burden on eCW. If the alleged failure had nothing to do with incorrect processing of orders *for diagnostic imaging tests*, then it is not related to this case. The quotes excerpted from the complaints in *Delaney*, *Jensen*, and *Houston Physicians* pertain to allegations that are not similar to the error that the Government posits may have occurred in *this case*. They certainly do not show that these cases are directly related to a claim or defense in this case or that the Government has any substantial need for the documents.

***3. Request No. 9 Does Not Seek Relevant Documents.***

Request No. 9 asks for "All ***termination letters*** and/or ***resignation letters*** relating to any software developers and/or engineers that have left eClinicalWorks since June 2012." *See* Exh. B (emphasis added). The Motion makes no attempt to demonstrate that these letters are *directly related* to any claim in this litigation. In fact, there is no reason to think that they could be.

The Government claims it needs "individuals who will ultimately be able to assist the parties and the Court in understanding some of the technical aspects of eCW's software." Motion at 8. But the Government has not shown that a substantial need for any such witness overcomes the confidentiality or burden of producing the letters, much less that the knowledge of any ex-employee is directly related to the facts alleged in this litigation. At best, the request is based on the Government's speculation that it may receive some documents that it may have trouble understanding and that eCW may not be able to adequately explain. Given the amount of speculation involved in this process, it instead appears that the Government is fishing for disgruntled ex-employees, for reasons unrelated to this lawsuit.

Termination and resignation letters have nothing to do with medical malpractice or the Government's defense of this case. This is not an employment suit. For these reasons, the letters are clearly beyond the bounds of permissible document requests propounded upon a nonparty. *See In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. at 240.

**E. The Motion's "Additional Concerns" Mischaracterize the Facts.**

At the conclusion of the Motion, the Government includes an attack "unrelated to the discovery requests at issue" that challenges eCW and the character of eCW's counsel, Mr. Aurzada. *See* Motion at 9–10, § IV. Essentially, the Motion accuses eClinicalWorks of "spoliating evidence," violating HIPAA, and changing medical records. In particular, these records include a digital record in eCW's EMR software that purportedly would have contained the order for Ms. Monachelli's diagnostic imaging, referred to as a "progress note."

The Government's accusations are, as the Motion admits "unrelated to the discovery requests" and a mischaracterization of the facts asserted.

First, eCW cannot "spoliate evidence" in a case in which it is not a party. *Townsend v. Am. Insulated Panel Co., Inc.*, 174 F.R.D. 1, 4 (D. Mass. 1997); *Gordner v. Dynetics Corp.*, 862 F. Supp. 1303 (M.D. Pa. 1994). Nor is there any evidence supporting the charge that eCW "spoliated" any evidence when it responded to requests for support from the Government's client or that eCW "violated HIPAA"—a law primarily concerned with privacy of health records.

Second, nowhere does Mr. Aurzada "concede" that his letter of December 22, 2014 was in any way "misleading." Instead, those are Mr. Foster's own words in his email. eCW directs the Court to Exhibit 18 of the Motion so it can make its own determination.

Third, as the Motion admits, any "spoliation" or "HIPAA violations" were of SFP's own making. The practice itself directly reached out to eClinicalWorks in December 2014—after this lawsuit was filed—with a "technical support" request concerning the missing order for Ms. Monachelli's diagnostic imaging. *See* Motion, p. 9.

In fact, SFP previously made the same request in November 2012. *See* Exh. A. In that case, SFP asked eClinicalWorks to unlock the progress note associated with Ms. Monachelli's allegedly missing order for diagnostic imaging so that it could be modified—presumably to "correct" the missing order. *See* Exh. A. At the time, eCW was simply assisting a customer with a request for technical support. Suspiciously, however, this request came as litigation loomed, and shortly after making the request, SFP asked that the progress note be locked again due to the prospect of this lawsuit. *Id.* More seriously, as recently as December 2014, SFP reached out to eClinicalWorks regarding Ms. Monachelli's progress note. *See* Motion, p. 9; Exh. A. Thus, Mr. Aurzada's letter was not a "fabrication" as the Motion alleges—it was eCW's attempt to avoid any further alterations to Ms. Monachelli's medical records by the Government's client.

Finally, the Government's accusations against eCW appear calculated to deflect the Court's attention from SFP's own failure to comply with its duty to preserve evidence. Actions taken by low level eCW support personnel in response to *SFP's requests* hardly reflect a deliberate effort by *eClinicalWorks* to alter documents that might be relevant to this litigation. The only entity that had any reason to foresee litigation at that time was SFP—the party that requested alterations to the record. The Court should not hold eCW responsible for SFP's acts.

## IV. CONCLUSION & PRAYER

For the reasons stated above, eClinicalWorks respectfully prays that the Motion be DENIED and for such other and further relief to which it may be justly entitled.

Dated at Burlington, Vermont this 26th day of March, 2015.

Respectfully submitted,

**SHEEHEY FURLONG & BEHM P.C.**

By: *\/s/ R. Jeffrey Behm*
R. Jeffrey Behm, Esq.
jbehm@sheehyvt.com
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402
Telephone: (802) 864-9891
Facsimile: (802) 864-6815

**OF COUNSEL:**

**BRYAN CAVE LLP**

Keith M. Aurzada (seeking admission *pro hac vice*)
Texas Bar No. 24009880
keith.aurzada@bryancave.com
2200 Ross Avenue, Suite 3300
Dallas, TX 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100

***Counsel for eClinicalWorks, LLC***

## CERTIFICATE OF SERVICE

I, R. Jeffrey Behm, counsel for eClinicalWorks, LLC, do hereby certify that on March 26, 2015, I filed with the Clerk of Court the following document:

**ECLINICALWORKS, LLC'S AMENDED RESPONSE TO DEFENDANT UNITED STATES' MOTION FOR CONTEMPT AGAINST NONPARTY ECLINICALWORKS, LLC AND MEMORANDUM IN OPPOSITION**

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

Robert B. Hemley, Esq.
GRAVEL & SHEA PC
76 St. Paul Street
P.O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
rhemley@gravelshea.com

Owen C.J. Foster
Assistant U.S. Attorney
owen.c.j.foster@usdoj.gov
P.O. Box 570
Burlington, VT 05402-0570
Telephone: (802) 951-6725

***Counsel for the United States of America***

Dated at Burlington, Vermont this 26th day of March, 2015.

**SHEEHEY FURLONG & BEHM P.C.**

By: */s/ R. Jeffrey Behm*
R. Jeffrey Behm, Esq.
jbehm@sheehyvt.com
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402
Telephone: (802) 864-9891
Facsimile: (802) 864-6815